IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PERVIE HENDERSON | * | |
| | * | |
| v. | * | Civil No. JFM-06-1284 |
| | * | |
| JOHN GILBERT, ET AL. | * | |
| | ***** | |

MEMORANDUM

Pervie Henderson has brought this *pro se* action for employment discrimination against the Anne Arundel County Board of Education ("the Board"), John Gilbert, the foreman of operations for Anne Arundel County Schools, Walter George, the supervisor of operations for the Anne Arundel County Schools, and Sue Torr, the principal of Solley Elementary School. All of the defendants other than Torr have filed a motion to dismiss or for summary judgment as to certain of the claims asserted against them. Torr has not yet been served but the senior county attorney representing the other defendants has indicated that she is authorized to accept service on Torr's behalf.

Defendants' motion will be granted in part and denied in part. Further, because the grounds upon which I am granting the motion apply to Torr as well, I will likewise dismiss certain of the claims against her.

I.

Henderson alleges that he was discriminated against because of his race, because of a disability, and - as to incidents that occurred after he filed his first charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Maryland Commission on Human Relations - in retaliation for the exercise of his statutory rights. His claims are based upon disciplinary actions that were taken on three different days: June 1, 2004, August 19, 2004,

and February 14, 2005.

The complaint contains four counts.  The first count asserts state constitutional claims under the Maryland Declaration of Rights.  The second count asserts federal constitutional claims under 42 U.S.C. §§ 1983 and 1985(3) for violation of rights created by the Americans With Disabilities Act ("ADA").   The third count asserts claims under Title VII.  The fourth count asserts federal constitutional claims under 42 U.S.C. §§ 1983 and 1985(3), apparently for race discrimination.  All the defendants have moved to dismiss count II in its entirety.  The individual defendants have moved to dismiss all of the claims asserted against them in count III, and the Board has moved to dismiss the claims asserted in count III based upon the June 1, 2004, and August 19, 2004 actions.  The Board, but not the individual defendants, have moved to dismiss the claims asserted in count IV.

II.

A.

A plaintiff may not state a claim under 42 U.S.C. §§1983 and 1985(3) for rights created by the ADA.  *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1012-12 (8th Cir. 1999) (en banc); *City of Holbrook v. Alpharetta, Georgia*, 112 F.3d 1522, 1531 (11th Cir. 1997).  Where a federal statute, like the ADA,  provides a comprehensive remedial scheme, it provides the exclusive mechanism for vindicating alleged wrongs following within its purview.  *See generally Middlesex Co. Sewerage Auth. V. Nat'l Sea Clammers Assoc.*, 453 U.S. 1, 20 (1981); *Great American Savings and Loan Assoc. v. Novotny*, 442 U.S. 366, 378 (1979); *Zombro v. Baltimore City Police Department*, 868 F.2d 1364 (4th Cir. 1989), *cert. denied*, 493 U.S. 850 (1989).  Thus, count II must be dismissed in its entirety.

B.

Individual supervisors are not "employers" under Title VII.  *See, e.g.*, *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998).  Therefore, the claims asserted against Gilbert, George, and Torr in count III must be dismissed.[1]

The Board's motion as to count III is based upon the failure of plaintiff to exhaust his administrative remedies as to the June 1, 2004, and August 19, 2004 disciplinary actions.  (The Board concedes that plaintiff has exhausted his administrative remedies as to the February 14, 2005 action).  The Board bases its contention upon the failure of plaintiff to allege that he has received a right to sue letter from the EEOC for his claims based upon those actions.  While the Board's contention is technically correct, I will, in light of (1) plaintiff's *pro se* status, (2) the fact that he has received a right to sue letter as to the February 14, 2005 action, and (3) in order to avoid unnecessary delay, permit discovery to proceed as to all of plaintiff's Title VII claims.  Plaintiff should, however, obtain from the EEOC and submit to the court, right to sue letters as to the June 1, 2004, and August 19, 2004 disciplinary actions.

C.

A state agency is not a "person" within the meaning of §1983.  S*ee Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  It has been held (properly in my view) that a county department of education in Maryland is a state agency.  *See Jones v. Frederick County Board of Education*, 689 F. Supp. 535, 538 (D. Md. 1988).  Therefore, the claims asserted

---

[1] Defendants Gilbert, George, and Torr could be sued under Title VII in their official capacities.  However, this would be treated as a suit against the County and would be redundant, since the Board will remain a defendant under count III.

against the Board in count IV must be dismissed.

A separate order effecting the rulings made in this memorandum is being entered herewith.


Date:   July 10, 2006              /s/
                                  J. Frederick Motz
                                  United States District Judge